IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**HELEN WISEMAN,**
as Personal Representative of the
Estate of Alfred Wiseman, Deceased

Plaintiff

v.

**THE UNITED STATES OF AMERICA**

Defendant

Civil No. **PJM 09-1228**

FILED ENTERED LOGGED RECEIVED
JUL 2 1 2010
AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY DEPUTY

## MEMORANDUM OPINION

Plaintiff Helen Wiseman, Personal Representative of the Estate of Alfred Wiseman, has sued The United States of America ("the Government") pursuant to the Federal Tort Claims Act ("FTCA"), alleging negligence by the Department of Veterans Affairs. Plaintiff alleges that her husband died as a result of a stress test performed by a Veterans Affairs doctor. The United States has filed a Motion for Summary Judgment [Paper No. 13], asserting that Plaintiff cannot prove her case because the decedent, Alfred Wiseman, was never given the exercise portion of the stress test—the allegation that forms the entirety of Plaintiff's negligence claim. Plaintiff has not filed an opposition to the Motion and the deadline for doing so has long since passed.

For the following reasons, Defendant's Motion for Summary Judgment [Paper No. 13] is **GRANTED** and Plaintiff's Complaint [Paper No. 1] is **DISMISSED WITH PREJUDICE**.

### I.

On February 26, 2003, Alfred Wiseman, an Army Veteran, went to the Charlotte Hall, Maryland, Community Based Outpatient Clinic complaining of burning in his chest. The attending

1

physician noted the patient could be demonstrating signs of either gastro-esophageal reflux disease ("GERD") or heart disease. Wiseman was given medication and advised to make an appointment for a stress test.

On March 3, 2003, Wiseman showed up at the Veterans Affairs Medical Center in Washington, DC ("DC VAMC"), complaining of the same burning symptoms in his chest. He was evaluated by a doctor and discharged with medication and instructions to follow up in the Primary Care Clinic. At his next appointment, he complained of pain originating in his neck and traveling into his chest and down the back of both arms. At this point, Wiseman was referred to the DC VAMC's emergency department for admission. In the emergency department, he was seen by a cardiologist who noted that Wiseman presented with several risk factors for coronary artery disease and it was suspected that he had unstable angina. He was treated overnight and further evaluated the next day with tests for myocardial infarction coming back negative. The doctors noted the symptoms were suggestive of reflux disease and there was no evidence of acute coronary syndrome.

On April 29, 2003, Wiseman was discharged, and an appointment for a thallium stress test was set for May 8, 2003. The stress test was a two-part test, involving: (1) the injection of a radioisotope on one day with images taken; and then, separately, (2) the exercise stress portion of the test. On May 8, 2003, Wiseman appeared for, and took part in, the first phase of the test. He returned the next day, May 9, 2003, for the exercise portion of the test. However, upon reporting that day, he complained of "exertional chest pain upon walking in for [the] test" from the parking lot, as a result of which the exercise portion of the test was cancelled before it began.

Wiseman was immediately admitted into the intensive care unit ("ICU") and bypass surgery was recommended. Cardiac surgeons were called and informed that Wiseman should be seen early for open heart surgery. Preparations were being made to perform a right heart catheterization when Wiseman started to complain of chest pain. In rapid sequence, the monitor showed heart block followed by cardiac arrest. Attempts at resuscitation were unsuccessful and Wiseman died of cardiac arrest.

## II.

A movant is entitled to summary judgment if the evidence in the record "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(C); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To withstand summary judgment, the nonmoving party must prove that there is a "genuine issue of material fact," *Matsushita Elec. Indus. Comp. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), but only after the moving party satisfies its burden of producing evidence establishing that no such issue exists. *Celotex*, 477 U.S. at 322. The "mere existence of a scintilla of evidence" will not be sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). The court must view the facts and all inferences drawn from the facts in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 586.

## III.

Plaintiff alleges that on or about May 9, 2003, Mr. Wiseman was subjected to a stress test by a licensed physician, who was an employee of the United States Department of Veterans Affairs and who, therefore, was acting within the scope of his employment with that agency. She argues that Wiseman was in an extremely fragile physical condition and, consequently, should not

have been subjected to the physical rigors and trauma of a stress test. She further alleges that as a result of his having undergone that test, Wiseman suffered severe cardiovascular complications and died.

The Government submits that summary judgment is appropriate because Plaintiff cannot prove her medical malpractice negligence claim by a preponderance of the evidence. In particular, the Government argues that the undisputed evidence shows that Wiseman was never administered the exercise portion of the stress test—the allegation of which forms the entirety of the negligence claim herein. The Government further argues that Plaintiff cannot prove a breach of the applicable standard of care, much less that any alleged breach was the proximate cause of her husband's death.

### IV.

The Court agrees with the Government. Contrary to Plaintiff's unsupported allegations, the medical records show that the exercise portion of the stress test was cancelled and never administered to Alfred Wiseman: "Upon day of stress exam, patient related exertional chest pain upon walking in for test. EKG changes noted specifically at 2 mm depression inferiorly, and 1.5 mm depression in lateral leads. ***Stress exam cancelled at this point.*** Patient admitted to ICU for ACS." *See* Ex. 1 to Def.'s Mot. for Summ. J. at 112 (emphasis added). Additional medical records described by the Government as "progress notes" confirm that the exercise portion of the stress test was never performed. Since the exercise portion of the stress test was not administered, there is and can be no evidence of a breach of the standard of care.

Accordingly, there is no genuine issue as to any material fact and the Government is entitled to summary judgment.

## V.

For the foregoing reasons, the Government's Motion for Summary Judgment [Paper No. 13] is **GRANTED** and Final Judgment will be **ENTERED** in favor of the Government and against Plaintiff.

A separate Order will issue.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

July 20, 2010